By the Court.—Dugro, J.
(after stating the facts, as above)—The question to be determined on this appeal is whether the court was justified at the trial in holding that the preliminary contract of sale became merged in *437 the later instruments. This question is one of construction, as to the intent of the parties to be gathered from a consideration of the entire contents of all the instruments, if this be possible. That in the case under consideration, it was the intention of the parties that the house should he delivered in good condition at the time fixed for the delivery of the deed, seems evident. The defendant undoubtedly so understood the agreement to be, for in his answer he says, “ On March 28, 1887, he (defendant) exacted from the plaintiff an agreement, and the plaintiff agreed to deliver said house in good condition, and to do so on the 28th day of April, 1887.” Now as it was intended that the delivery of the house in good condition should be contemporaneous with the ■ delivery of the deed, the provisions of the preliminary contract looked to a complete performance by both parties at the time fixed for the closing of the contract, and, therefore, the delivery and acceptance of the deed and the execution of the later written agreement can fairly be supposed as designed by the parties to be a comnlete execution and consummation of the entire original contract, and' accepted as such. It certainly would be unreasonable to suppose that it was the intention of the parties that something further should be done by either, than as provided by the instruments last executed. The learned chief justice was fully justified in inferring from all the circumstances of the case that the parties intended these instruments to be a complete and final settlement of the transaction between them, and his application of the general rule that when a deed is accepted the original contract is merged, was proper.
1 take it to be- the rule of law that, even where there are stipulations in a preliminary contract for the sale of land of which the conveyance itself is not a performance, the true question must be whether the parties have intentionally surrendered the stipulations. The evidence of that intention may exist in or out of the deed or contract between the parties. If plainly to be gathered *438 from a consideration of the entire contents of the instrument, the evidence is decisive. Although the case under consideration may not be such an one as properly calls for the application of this rule yet, even so, it is plainly to be gathered from a consideration of the contents of all the instruments in evidence that the provisions of the contract of sale were intended to be merged in the deed and contemporaneous agreement upon their delivery.
-Nothing inconsistent with the assumption of a complete performance of the original agreement is apparent from the two later instruments. Reference is made in them to all the matters upon which the preliminary contract bears, and, aside from the instruments and pleadings, that the defendant expected and required a complete performance at the time of closing the contract, appears from his own testimony. He says, “ I took the title on Mr. Disbrow’s assurance that the work had been done; otherwise I would not have taken that title.”
The defendant neither requested nor was he refused an opportunity to examine the house. He appears to have relied partly on the representations of the plaintiff and partly on information otherwise obtained,"in determining its condition, and only when he was satisfied of its condition, so far as he deemed necessary, did he close the matter.
Parties may enter into covenants collateral to the deed and cases may arise in which the deed would be regarded as only a part performance of the contract, where the provisions of the instruments clearly manifest such to have been the intention of the parties, but it cannot be fairly claimed that such an intention is indicated by the instruments in evidence or by the circumstances of the present case.
The plaintiff may have been induced to accept the deed and enter into the later agreement by false representation of the plaintiff. If so, no right which he may have to recover damages sustained by reason of such representations is prejudiced by the judgment appealed from.
*439 The rulings of the learned chief justice upon the admission of evidence were proper applications of the familiar rule, that oral evidence is inadmissible to contradict, supplement or vary the terms of a written contract.
Neither § 832 of the Code of Civil Procedure nor any other rule of law, warranted the exception taken to the ruling sustaining the objection to the question, “Have you been arrested in connection with the building of this house.” Arrest is not conviction.
Judgment affirmed.
Truax, J., concurred.